UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CONRAD JOHN GONZALEZ,

    Petitioner,

v.                                                                                  Case No. 1:02-cv-173
                                                                                 (Related Criminal Case No. 1:99-cr-200)

UNITED STATES OF AMERICA,
                                                                                 HON. GORDON J. QUIST

    Respondent.
_____/

## MEMORANDUM ORDER

This Court has before it Conrad John Gonzalez's ("Petitioner") Motion for Relief from Judgment under Fed. R. Civ. P. 60(b). For the reasons stated below, Petitioner's motion is recharacterized as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

**I.     Procedural History**

Petitioner pled guilty to bank robbery by force or violence. 18 U.S.C. § 2113(a). On May 1, 2000, he was sentenced to 151 months on this charge. At sentencing, he was classified as a career offender under U.S.S.G. § 4B1.1 because of the Court's finding that he had six prior armed robbery convictions that were "not related" under § 4A1.2(a)(2). On May 8, 2000, Petitioner appealed this finding and his sentence to the United States Court of Appeals for the Sixth Circuit. On November 5, 2001, the United States Court of Appeals for the Sixth Circuit issued a Mandate affirming the decision of this Court. On February 11, 2002, Petitioner filed a petition for certiorari with the United States Supreme Court, and on March 14, 2002, the Supreme Court denied Petitioner's writ.

On March 15, 2002, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On April 2, 2002, this Court denied Petitioner's § 2255 motion and denied a certificate of appealability. On May 13, 2002, Petitioner filed a motion to amend his § 2255 motion, but his motion to amend was denied on June 14, 2002.

On September 9, 2005, Petitioner filed this Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(5), which provides that "the court may relieve a party . . . from a final judgment, order or proceeding [if] . . . the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). Petitioner claims that the recent case of *Shepard v. United States*, ___ U.S. ___, 125 S. Ct. 1254 (2005) has created an intervening change in law that warrants the Court reopening his previous § 2255 motion. In *Shepard*, the Supreme Court held that, in determining whether a prior burglary conviction meets the standard for "generic burglary" under the Armed Career Criminal Act, the sentencing court may not look to police reports or complaint applications. Rather, the court is limited to examining the statutory definition, charging document, written plea colloquy, and any other factual finding by the trial judge to which the defendant assented. The Supreme Court held that to do otherwise would be unlawful under the Act and could violate the defendant's constitutional rights under the Sixth Amendment. *See id.* at 1262-63.

**II.      Rule 60(b) Motion Must be Recharacterized as a Second or Successive § 2255 Petition**

Because Petitioner's earlier § 2255 motion was already denied and dismissed with prejudice, Petitioner attempts to circumvent the procedural limitations on filing a second or successive § 2255 petition by calling this motion a "Motion for Relief from Judgment." However, based on his legal claims, Petitioner's motion must be recharacterized as a second or successive petition pursuant to 28 U.S.C. § 2255. In *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005), *cert. denied*, 125 S. Ct.

2

1609 (2005), the Court of Appeals for the Sixth Circuit held that if a Rule 60(b)'s factual predicate deals primarily with the constitutionality or substance of the underlying conviction or sentence, the motion should be treated as a second or successive petition. But if the factual predicate deals with some irregularity or procedural defect in the procurement of the judgment, then it should be treated within the usual standards governing Rule 60(b) relief. *See id.* at 723*; see also Gonzalez v. Crosby,* \_\_\_U.S.\_\_\_, 125 S. Ct. 2641, 2648 (2005) (Rule 60(b) relief available only if the motion attacks some defect in the integrity of the proceedings, and not if it attacks the substance of the court's resolution of a claim on the merits).

This is because Rule 60(b) and 28 U.S.C. § 2255 serve different purposes. Section 2255 is to be used when a petitioner is challenging the constitutionality or legality of the underlying conviction or sentence. *See* 28 U.S.C. § 2255. Such is the case here, where Petitioner claims that his sentence was imposed in violation of the laws of the United States in light of *Shepard*. Section 2255 explicitly states that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Rule 60(b), on the other hand, should be used in civil cases where there is a procedural error. *See Smith,* 402 F.3d at 723*; Gonzalez*, 125 S. Ct. at 2648.

Furthermore, although the Court must provide notice before recharacterizing a *first* § 2255 petition, it need not do so when the Petitioner has already filed one § 2255 petition that has been dismissed. As properly summarized by the Tenth Circuit Court of Appeals:

> In recent years, we have explained that district courts should not sua sponte recharacterize a prisoner's petition for post-conviction relief as a § 2255 petition. . . . We have made these rulings, however, in cases where the recharacterized petition would have been the petitioner's *first* § 2255 petition. . . . Our concern in those cases – that characterizing a petition as an initial § 2255 might prevent a prisoner from

3

raising a legitimate claim in a subsequent § 2255 petition – does not apply where, as in this case, the petitioner previously filed a § 2255 petition. Indeed, to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.

*United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (emphasis in original).

### III.    Motion Must be Transferred to the Court of Appeals for the Sixth Circuit

Petitioner's motion in this Court is a second or successive petition because it alleges new and different grounds for relief after a first motion was already denied. *See e.g. McClesky v. Zant*, 499 U.S. 467, 470, 111 S. Ct. 1454, 1457 (1991); *Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993). Before this Court may entertain a second or successive § 2255 motion, it must be certified by the Sixth Circuit to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255; Rule 9, Rules Governing § 2255 Cases.

Thus, before a second motion is filed in the district court, the Petitioner must move in the court of appeals for an order authorizing the district court to consider the motion.[1] *See id.* The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore,

---

[1] However, the Court notes that Petitioner will face several hurdles even if the Sixth Circuit accepts his second § 2255 petition. First, there is no showing that *Shepard* constitutes a new rule of constitutional law, made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255, Rule 9, Rules Governing § 2255 Cases. Furthermore, there is no showing that *Shepard* would even apply factually to Petitioner's case.

4

**IT IS HEREBY ORDERED** that this Motion for Relief from Judgment under Rule 60(b) is recharacterized as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255;

**IT IS FURTHER ORDERED** that this motion is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.


Dated:  September 23, 2005                               /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE